| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANDI L. FRASIER, | ) | |
| | ) | Case No. 23-81712-CRJ-13 |
| and | ) | |
| | ) | |
| John D. Frasier, | ) | |
| | ) | |
| *Debtors.* | ) | |
| | ) | |

| | | |
|---|---|---|
| BRANDI L. FRASIER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN D. FRASIER, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No. _____. |
| | ) | |
| FLEXLENDING, LLC, | ) | |
| | ) | |
| doing business as: | ) | |
| | ) | |
| MYFLEXLENDING, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## **COMPLAINT**

This adversary proceeding is brought by Brandi L. Frasier and John D. Frasier ("Plaintiffs") to address damages arising from FlexLending, LLC's[1] ("Defendant") willful violation of the automatic stay. Defendant, despite having actual notice of Plaintiffs' bankruptcy filing for nearly two years and plan confirmation for over eighteen months, engaged in prohibited collection activities by sending Plaintiffs a debt collection text message in flagrant disregard of the automatic stay

## *Introduction*

1. This action seeks actual damages, punitive damages, costs, and attorney's fees from Defendant's violation of the automatic stay.

2. Defendant's conduct is particularly egregious because it occurred long after any reasonable period during which collection activities might be inadvertently continued, showing a willful disregard for the automatic stay protections that are fundamental to the bankruptcy process.

## *Jurisdiction and Venue*

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), as it concerns violations of the automatic stay and the administration of the bankruptcy estate.

---

[1] Doing business as MyFlexLending.

Case 25-80112-CRJ    Doc 1    Filed 07/03/25    Entered 07/03/25 13:54:12    Desc Main
Document    Page 2 of 8

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), because this adversary proceeding arises under, arises in, or is related to the above-captioned Chapter 13 bankruptcy case pending in this district.

### *Parties*

6. Plaintiffs are debtors under Chapter 13 of Title 11 of the United States Code in case no. 23-81712-CRJ-13.

7. Upon information and belief, Defendant is FlexLending, LLC, a Delaware-organized limited liability company with its principal place of business located at 901 Yamato Road, Suite 260, Boca Raton, FL 33431.

8. Defendant operates the "MyFlexLending" brand and services loans originated by Transportation Alliance Bank.

9. Defendant was scheduled as a creditor in Plaintiffs' Schedules E/F and was served notice of the bankruptcy filing by the Bankruptcy Noticing Center via first class mail.

10. Defendant had actual notice of the bankruptcy filing and the automatic stay imposed by 11 U.S.C. § 362(a).

### *Factual Allegations*

11. Plaintiffs filed their Chapter 13 plan on September 15, 2023.

12. The filing of Plaintiffs' petition triggered the automatic stay imposed by 11 U.S.C. 362(a), which prohibited Defendant and all other creditors from, among other things, any act to collect, assess, or recover a claim against Plaintiffs that arose before the commencement of their bankruptcy case.

Case 25-80112-CRJ   Doc 1   Filed 07/03/25   Entered 07/03/25 13:54:12   Desc Main Document   Page 3 of 8

13. Plaintiffs' Chapter 13 plan was confirmed by this Court on December 6, 2023. Plaintiffs have been making payments in accordance with their confirmed plan since that time.

14. Defendant was listed as a scheduled creditor in Plaintiffs' Schedules E/F and was served notice of the bankruptcy filing, the automatic stay, and the plan confirmation through the Bankruptcy Noticing Center.

15. Despite having actual notice of the bankruptcy filing for nearly two years, Defendant willfully violated the automatic stay by engaging in collection activities against Plaintiffs.

16. On June 13, 2025, nearly two years after Plaintiffs filed their petition, Defendant sent Plaintiff a collection text message in direct violation of 11 U.S.C. § 362(a):



17. This communication was clearly an attempt to collect a debt and constituted a willful violation of 11 U.S.C. § 362(a)(6), which prohibits "any act to collect, assess, or recover a claim against the debtor[s] that arose before the commencement of the case."

18. The text message directed Plaintiffs to "handle [their] flex lending account" and instructed them to "view [their] balance, and payment options now," which are unmistakably collection-oriented directives.

19. By encouraging Plaintiffs to view their balance and payment options, Defendant was attempting to induce payment on a pre-petition debt, which is precisely the type of collection activity prohibited by the automatic stay.

20. The communication was sent to collect, assess, or recover the pre-petition claim that Defendant held against Plaintiffs, making it a direct violation of § 362(a)(6).

21. The violation was willful because Defendant had received formal notice of the bankruptcy filing nearly two years earlier and could not reasonably claim ignorance of the automatic stay protections.

22. Defendant's violation is particularly egregious given the substantial passage of time since Plaintiffs' petition filing. This violation occurred nearly two years post-petition, demonstrating a blatant disregard for the automatic stay, this Court's authority, and the protections afforded to debtors under the Bankruptcy Code.

Case 25-80112-CRJ    Doc 1    Filed 07/03/25    Entered 07/03/25 13:54:12    Desc Main Document      Page 5 of 8

23. As a direct and proximate result of Defendant's willful violation of the automatic stay, Plaintiffs have suffered actual damages, including but not limited to harassment, emotional distress, and interference with the administration of their bankruptcy case.

24. Defendant's conduct warrants the imposition of punitive damages given the flagrant nature of the violation and the need to deter such egregious disregard for the automatic stay protections.

### FIRST CLAIM FOR RELIEF
### Violation of the Automatic Stay

25. The allegations in ¶¶ 1-24 of this complaint are realleged and incorporated herein by reference.

26. 11 U.S.C. § 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."

27. Defendant's collection text message sent on June 13, 2025, constitutes a willful violation of the automatic stay imposed by 11 U.S.C. § 362(a)(6).

28. Pursuant to 11 U.S.C. 362(k)(1), an individual injured by any willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

29. Given the timing of Defendant's violation—occurring nearly two years after the petition filing and over eighteen months after plan confirmation—punitive damages are warranted to deter such flagrant violations of the automatic stay.

### *Prayer for Relief*

Plaintiffs respectfully requests that this Court:

A. Enter judgment against Defendant for willful violation of the automatic stay imposed by 11 U.S.C. § 362(a).

B. Award Plaintiff actual damages in an amount to be proven at trial.

C. Award Plaintiffs punitive damages in the amount of $15,000 given the egregious timing and willful nature of this violation.

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 11 U.S.C. § 362(k).

E. Enter such other and further relief as this Court deems just and proper.

Respectfully submitted,

Thomas F. Sykstus. Esq.
*BOND, BOTES, SYKSTUS & TANNER, P.C.*
225 Pratt Avenue NE
Huntsville, AL 35801
(256) 539-9899
tsykstus@bondnbotes.com
*Counsel for Plaintiff*

Case 25-80112-CRJ    Doc 1    Filed 07/03/25    Entered 07/03/25 13:54:12    Desc Main Document    Page 7 of 8

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above upon the following by priority mail, postage prepaid, this 3rd day of July, 2025:

> **Flex Lending, LLC**
> **Attn: Officer or Managing Agent**
> **901 W. Yamato Road**
> **Suite 260**
> **Boca Raton, FL 33431**

> ——*and*——

> **Flex Lending**
> **600 Pennsylvania Avenue NW**
> **Washington, DC 20580**

Service on Defendant's Florida address is made pursuant to Fed. R. Bankr. P. 7004(b)(3), which authorizes service on a corporation by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or an agent authorized by appointment or by law to receive service of process, or to the corporation's principal place of business in the United States.

Case 25-80112-CRJ    Doc 1    Filed 07/03/25    Entered 07/03/25 13:54:12    Desc Main
Document    Page 8 of 8